# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                 **NO. 29,155**

**SUSIE CHAVEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Josephine H. Ford
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

Defendant appeals her conviction for driving while intoxicated, in violation of NMSA 1978, Section 66-8-102(A) (2008). In this Court's notice of proposed summary disposition, we proposed to affirm. Defendant has timely responded,

pursuant to an extension granted by this Court. We have considered Defendant's arguments, and as we find that they are not persuasive, we affirm.

In our notice, this Court proposed to find that there was substantial evidence to support the metropolitan court's finding that Defendant was impaired to the slightest degree by alcohol. We relied on the following evidence in support of the conviction: Officer Richard Locke testified that he observed Defendant traveling fifty-one miles per hour in a forty-mile-per-hour zone. [DS 1] When he signaled Defendant to pull over, she drove up over the curb and into a parking lot. [DS 1] Officer Locke testified that in his opinion, it appeared that Defendant had been drinking because she smelled of alcohol, her eyes were bloodshot and watery, and her speech was slightly slurred. [DS 1] Officer Locke testified that Defendant admitted to drinking. [DS 1] In addition, a second officer, Officer Martinez, testified that Defendant's breath smelled strongly of alcohol, that her eyes were bloodshot and watery, and that her speech was slurred. [DS 2] Officer Martinez testified that Defendant admitted to drinking a glass of wine with dinner and that she held onto the door as she got out of her car. [DS 2] Officer Martinez also testified that Defendant was unable to complete several field sobriety tests as instructed, that she swayed as she stood, and that her breath alcohol content was .10/.09. [DS 2-3]

Defendant argues that despite this evidence, the judge could not have found

beyond a reasonable doubt that she was impaired by alcohol—even to the slightest degree—because the evidence could have supported a finding that Defendant's apparent impairment was caused by other factors. Defendant appears to believe that because she was wearing high heels when she was driving that it was just as likely that her impairment was caused by her shoes as it was by alcohol. [MIO 5] Defendant also suggests that the evidence was consistent with a conclusion that a new car, a general baseline lack of coordination, or nervousness was the cause of her behavior. [MIO 5, 6, 7] She cites the general propositions that "evidence equally consistent with two hypotheses tends to prove neither" and "evidence equally consistent with two inferences does not, without more, provide a basis for adopting either one—especially beyond a reasonable doubt." *See State v. Garcia*, 2005-NMSC-017, ¶ 12, 138 N.M. 1, 116 P.3d 72 (internal quotation marks omitted). However, we do not believe that the evidence in this case was equally consistent with an inference, on the one hand, that Defendant was impaired to the slightest degree by alcohol and, on the other, that Defendant was not at all impaired by alcohol, but was only impaired by high heels, a new car, a baseline lack of coordination, and nervousness. Instead, we believe that there is substantial evidence to support an inference that Defendant was impaired at least to the slightest degree by alcohol, even if other factors also may have contributed to her poor motor skills.

In an effort to support Defendant's claim that there was insufficient evidence to support the judgment, Defendant takes the evidence apart piece by piece and attempts to show why a number of the facts presented at trial would not be sufficient to support a conviction standing alone. [MIO 5-8 (arguing that neither speeding, driving over the curb, slurred speech, bloodshot and watery eyes, inability to complete the field sobriety tests as instructed, nor breath alcohol content are sufficient standing alone to prove impairment)] However, this Court reviews the evidence as a whole and in the light most favorable to the judgment. *See State v. Graham*, 2005-NMSC-004, ¶ 13, 137 N.M. 197, 109 P.3d 285 (indicating that an appellate court reviewing the sufficiency of the evidence may not use a "divide-and-conquer" approach by which it views the probative value of individual pieces of evidence). Under this standard of review, we conclude that there was sufficient evidence to support Defendant's conviction.

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CYNTHIA A. FRY, Chief Judge**


_____
**JONATHAN B. SUTIN, Judge**